August 28, 1991

## IN THE SUPREME COURT OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

ESTATE OF FELIPE C. MENDIOLA, )    APPEAL NO. 90-042
)    CIVIL ACTION NO. 89-104
       Plaintiff/Appellant, )
)
              vs.       )    OPINION
)
DIEGO D. MENDIOLA, )
)
       Defendant/Appellee. )
_____)

Argued April 4, 1991

Counsel for Plaintiff/Appellant: Douglas F. Cushnie
P. O. Box 949
Saipan, MP 96950

Counsel for Defendant/Appellee: William M. Fitzgerald
P. O. Box 909
Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

BORJA, Justice:

### FACTS

This is an appeal from the grant of summary judgment in favor of the defendant/appellee, Diego D. Mendiola (hereafter Mendiola).

The plaintiff/appellant, the Estate of Felipe C. Mendiola, represented by the administratrix, Fermina M. Camacho (hereafter Estate), filed a complaint against Mendiola on January 31, 1989,

alleging money due and owing Estate. The complaint had three counts. The first alleged a breach of a fiduciary relationship. The second was a bailment action. And the third was for fraud.

On July 1, 1990, counsel for Estate left Saipan on a trip to the Republic of the Marshall Islands, and to Honolulu, Hawaii. He returned on July 7. On July 3, while Estate's counsel was off-island, Mendiola filed a motion for summary judgment and set the hearing for July 18. Estate's counsel was served at his office with a facsimile copy of the motion and notice on July 4. A regular copy was served on the 5th.

Estate's response to the summary judgment motion was due on July 11, 1990. On the 11th, counsel for Estate moved for continuance of the summary judgment hearing. At the same time, he moved to strike certain of the affidavits Mendiola submitted in support of his motion for summary judgment.

At the continuance hearing on July 13, 1990, counsel for Mendiola conceded that certain affidavits were defective, and they were stricken.

Also at the hearing, Estate's counsel informed the court that he would be leaving Saipan again on July 14--this time for the Republic of Palau, the Republic of the Marshalls, and Honolulu--and (except for a brief stop-over on Saipan) would not return until July 27. He contended that due to his travel schedule, it would be impossible to prepare timely responsive papers to the summary judgment motion.

The court, after consideration of arguments, ordered that the motion be heard on July 30, 1990, that Estate file its responsive papers on or before the 25th, with Mendiola filing any reply by the 27th.[1]

While on his trip, counsel for Estate dictated the response and transmitted the tapes from Honolulu to Saipan by courier for transcription in his office. He was told by the courier service in Hawaii that the tapes would arrive on Saipan on July 23, 1990. The tapes did not arrive until the 25th.

After transcription, the papers were faxed to Honolulu for counsel's review. He sent the reviewed copy back to Saipan by fax for filing. Estate filed its opposing memorandum on July 26, 1990. Mendiola filed his reply the afternoon of the 27th. On the same day, but about thirty minutes after Mendiola filed his reply, Estate filed its supporting affidavits and exhibits.

On July 30, 1990, the hearing was held and an order was entered striking the affidavits and supporting material filed by Estate. The court refused to accept the excuse for tardiness and struck all affidavits and exhibits as being untimely. The stricken materials were placed in an envelope for appeal purposes. The memorandum decision issued August 6, 1990.

The trial court noted that "most of the factual allegations of

---

[1]The trial court also gave Mendiola the opportunity to correct the stricken affidavits and to file them with the court by July 25, 1990.

the complaint are admitted by the defendant," and that "only the implications drawn from the facts alleged" are denied by Mendiola.

The trial court found the following undisputed facts:

1. Felipe Mendiola was a shareholder in South Seas Corporation (South Seas) that built a hotel on Saipan with funds advanced by Furukawa Nanyo Kohatsu Company, Ltd. (Furukawa) in 1973.

2. Furukawa assigned its claim to Linden Integral Research Inc. (Linden) in 1983 when no repayment was made on the loan and the amount reached $2.4 million. Linden then filed suit against South Seas.

3. The case was settled when South Seas leased its hotel property to Linden to extinguish its debt.

4. Linden assigned its lease in 1984 to Adrian Johnston for $900,000.00. Out of that sum, the president of Linden, Isao Hayashida, delivered $300,000 to Diego D. Mendiola.

Based on the above facts, the trial court granted summary judgment in favor of Mendiola. It concluded that Count I of the complaint (breach of fiduciary relationship) was not supported by the facts. Count II (bailment) was legally erroneous. And Count III (fraud) had no facts to support it. In both Counts I and III, the trial court held that Estate failed to raise genuine issues of material fact.

### ISSUES PRESENTED

1. Whether the trial court erred in striking the affidavits

of Fermina Camacho and supporting exhibits.

2.    Whether the trial court erred in granting summary judgment.

## STANDARD OF REVIEW

The first issue is subject to review for abuse of discretion. Com.R.Civ.P. 56(c) and Com.R.Civ.P. 6(d); Hooks v. Hooks, 771 F.2d 935, 946 (6th Cir. 1985); Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 410 (1st Cir. 1985); Alghanim v. Boeing Co., 477 F.2d 143, 148-9 (9th Cir. 1973).

The second issue is subject to de novo review.  Borja v. Rangamar, No. 89-009 (N.M.I. September 17, 1990); Cabrera v. Heirs of De Castro, No. 89-018 (N.M.I. June 7, 1990).

## ANALYSIS

### The Decision to Strike the Affidavits and Exhibits

The crucial issue in this appeal is whether the affidavits and exhibits were properly stricken.  Without the affidavits, Estate is not able to raise a genuine issue of fact.

We hold that the trial court did not abuse its discretion in striking the affidavits and exhibits.  We are not persuaded that Estate's reasons for the late filings are valid.  Cf. Lucky Development Co., Ltd., v. Tokai U.S.A., Inc., No. 91-003, Order at 3-4 (N.M.I. April 16, 1991) ("The failure to comply with our rules, plus the lack of a valid reason for the failure, leads this Court to conclude that the opposition memorandum should be stricken.").

It is not a legitimate excuse that a courier is responsible

for a delay. Counsel should always be prepared that the mail and courier services in our part of the world may be unavoidably delayed. He or she should always be prepared for this contingency.[2] Neither is it a valid excuse that counsel for Mendiola should have filed the motion for summary judgment on the date that he had previously informed the court and counsel for Estate.[3] In addition, we question the wisdom of sending the dictated response by courier. In view of the time limitations, it would have made more sense to transcribe the dictation in Honolulu.

Furthermore, the trial court stated that, "I've already stricken the affidavit. And that's primary [sic] because they were filed after the reply, your reply was filed and there's no meaningful reply to something that wasn't brought to your attention before that time, and so those will be stricken." Tr. 25. The trial court was concerned with its calendar. If it had allowed the affidavits, he would have had to further postpone the hearing date so that Mendiola could file a "meaningful reply." Such would have rendered meaningless the continuance order previously entered.

If the court was to keep to its hearing schedule, it had to strike the affidavits. Compliance with a court's scheduling order

---

[2]While there may be times when a delay caused by delayed or canceled air transportation would be justified, this is not the situation in this case.

[3]Counsel for Estate noted that counsel for Mendiola informed the trial court and Estate at a hearing in June, 1990, that he would be filing a motion for summary judgment that month.

239

furthers the purpose of allowing a court to organize and control its calendar in an orderly manner. See Pfeil v. Rogers, 757 F.2d 850, 857-8 (7th Cir. 1985), cert. den. 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986).

In this case, the trial court granted more time to Estate when it continued the hearing date from July 18 to July 30. At the July 13 hearing on the continuance motion, a schedule was set for filing of documents by both parties, and a hearing date was determined.

Considering the circumstances in this case, it was not an abuse of discretion for the trial court to strike the affidavits.

### The Grant of Summary Judgment

Without Estate's affidavits, there is no genuine issue of material fact. Since there are no genuine issues of material fact, we now review the propriety of the grant of summary judgment, i.e., whether the substantive law was correctly applied. See, Borja v. Rangamar, supra; Cabrera v. Heirs of De Castro, supra.

In a motion for summary judgment, the trial court must review the evidence and inferences in the light most favorable to the non-moving party. Cabrera v. Heirs of De Castro, supra.

The three counts of Estate are based on the allegation that the receipt of the $300,000 by Mendiola was a result of the sale of corporate assets of South Seas Corporation. The trial court found that there was no sale of corporate assets. It found that the

money was a gift to the Mendiola family.[4]  ER 5/3.

On appeal, Estate argues that even as a gift to the Mendiola family, the money must be divided equitably among the three members of the Mendiola family.  Mendiola, on the other hand, contends that the money was not to be distributed in any particular manner, and that the other members of the Mendiola family knew the amount of the gift and were satisfied with the distribution that he made.

Without the stricken materials, there is no genuine issue of fact as to whether the money was a result of the sale of corporate assets.  The affidavit of Isao Hayashida, the person who gave the money, establishes that the money was given as a gift.  There is nothing in the record that contradicts this, other than the allegations in the complaint.  But mere allegations and assertions are not enough to raise a genuine issue of material fact.  See Borja v. Rangamar, supra.

The record is also clear that the gift was to be distributed in any way the Mendiola family thought appropriate.  Affidavit of Isao Hayashida, par. 17.  There is nothing in the record indicating how exactly the Mendiola family was to divide the gift.  However, the record is uncontradicted that Felipe Mendiola and the other member of the Mendiola family knew of the amount of the gift, knew of the division made by Diego Mendiola, and did not complain or object to such division.  Affidavit of Diego Mendiola, par. 23.

---

[4]The term "Mendiola family" means the defendant/appellee, Diego D. Mendiola, Felipe C. Mendiola, and Thomas Mendiola.

241

Without the stricken material, there is no genuine issue about the manner of distribution of the gift. All three counts depend on how the gift was to be divided. If it was to be divided equitably, then Estate's theories of a constructive trust, bailment,[5] and fraud may have merit. However, Estate presented no timely affidavits to oppose the manner of distribution of the gift. Based on the facts before it, the trial court correctly applied the law.

CONCLUSION

The judgment of the trial court is **AFFIRMED** in all respects.

Jose S. Dela Cruz
Chief Justice

Ramon G. Villagomez
Associate Justice

Jesus C. Borja
Associate Justice

---

[5]We disagree with the trial court that a bailment can never be created in favor of a third person. In Restatement (Second) of Trusts § 5, comment h (1959), it is stated that "A bailment as well as a trust may be created for the benefit of a third person." One illustration following comment h is as follows:

> A, having sold a horse to C, delivers possession of the horse to B, a livery-stable keeper, with instructions to deliver the horse to C upon demand. In the absence of evidence showing a different intention, B is a bailee of the horse for C and not a trustee.